IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SNYDER,<br>　　　　Plaintiff | )<br>)<br>) | C.A. 09-278 Erie |
| v. | )<br>) | |
| DANIEL TELEGA, et al.,<br>　　　　Defendants. | )<br>)<br>) | Magistrate Judge Baxter |

**OPINION AND ORDER**[1]

United States Magistrate Judge Susan Paradise Baxter.

I.  **INTRODUCTION**

　A.  **Relevant Procedural History**

On November 4, 2009, Plaintiff William Snyder, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [ECF No. 6]. He subsequently filed an amended complaint on September 9, 2010, which supersedes the original complaint. [ECF No. 33]. Named as Defendants in the amended complaint are: Daniel Telega, a physician's assistant under contract with the Department of Corrections ("DOC") to provide medical services to inmates at SCI-Albion; Maxine Overton ("Overton"), Chief Health Care Administrator at SCI-Albion; County of Allegheny, PA ("Allegheny County"); and an unnamed corrections officer at the Allegheny County Jail, identified as "John Doe." [ECF No. 6].

In his *pro se* Complaint, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. As relief for his claims, Plaintiff seeks compensatory and punitive damages.

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 7, 22, 26).

On September 13, 2010, Defendant Overton filed a motion to dismiss Plaintiff's amended complaint [ECF No. 34], asserting that Plaintiff has failed to state a claim of deliberate indifference upon which relief may be granted. On September 16, 2010 Defendant Telega filed his own motion to dismiss Plaintiff's amended complaint [ECF No. 36], also arguing that Plaintiff has failed to sate a claim upon which relief may be granted. Plaintiff has filed a response to both motions , essentially re-asserting the allegations of the amended complaint. [ECF No. 39]. This matter is now ripe for consideration.[2]

**B.     Relevant Factual History**[3]

Plaintiff alleges that he suffered a few seizures beginning in 2007, and that both Defendants Telega and Overton knew or should have known about his seizure condition. (ECF No. 33, Amended Complaint, at ¶¶ 9-10). On June 16, 2009, Plaintiff was transferred temporarily from SCI-Albion to the Allegheny County Jail ("ACJ") to face new criminal charges in Allegheny County, Pennsylvania. (Id. at ¶ 11). Upon arriving at ACJ, Plaintiff informed medical staff that he should have bottom bunk status due to his medical condition, but he was assigned a top bunk anyway. (Id. at ¶ 13). While on the top bunk at ACJ, Plaintiff suffered a seizure on June 29, 2009, which "caused him to fall from the bed onto a table and stools located on the ground floor before passing out on the floor." (Id. at ¶ 17). As a result of the fall, Plaintiff sustained "a near five (5) inch gash to his right arm, lacerations to his right upper lip

---

[2] According to the docket entries in this case, neither Defendant Allegheny County nor Defendant John Doe has been served in this matter, nor has any attorney entered an appearance on behalf of either Defendant.

[3] The factual history set forth herein is derived from the allegations of Plaintiff's Amended Complaint, which are accepted as true for purposes of deciding Defendants' motions to dismiss, in accordance with Fed.R.Civ.P. 12(b)(6).

2

and to [the] right side of his head, which all required staples and stitches to close the wounds." (Id. at ¶ 18). Plaintiff alleges that he suffered severe headaches, blurred vision, and sharp pain in his back, neck, and ribs, yet was refused pain medication by medical staff at ACJ. (Id. at ¶ 19).

Plaintiff was returned to SCI-Albion on or about July 1, 2009, and was examined by Defendant Telega. (Id. at ¶ 21). In response to Plaintiff's "numerous requests to have his physical and medical condition more thoroughly examined," Plaintiff was instructed to submit a sick call request for further evaluation by Defendant Telega. (Id. at ¶ 22). On July 5, 2009, Plaintiff sent a detailed letter to Defendant Overton complaining about his back and neck pain, blurred eye vision, and sore ribs, in response to which Defendant Overton advised Plaintiff to submit another sick call request. (Id. at ¶ 24).

Plaintiff saw Defendant Telega on or about July 7 2009, at which time Defendant Telega refused to answer any of Plaintiff's questions as to why he was "not being further evaluated and treated with x-rays, tetanus shots and other diagnostic testings." (Id. at ¶ 25). In addition, Defendant Telega refused Plaintiff's request to have his injuries photographed. (Id. at ¶ 26). After filing "numerous written requests followed by a formal grievance," Plaintiff did receive "some medical treatment and follow up testings" at a hospital in or around November 2009. (Id. at ¶ 27). Plaintiff alleges that he still suffers from "on going pains in his neck, back, ribs, and blurred vision, constant headaches, and ringing in his ears and permanent scars visible on his head, upper lip and his right forearm." (Id. at ¶ 28).

### C. Standards of Review
#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A

3

complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:
> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."

\* \* \*

4

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

5

**D.    Discussion**

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[4] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some

---

4

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

6

level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

### 1. **Defendant Overton**

Plaintiff claims that Defendant Overton "intentionally and willfully ignored Plaintiff's well established prior medical condition and failed to relay the same to the Allegheny County Prison medical department," and "intentionally and willfully ignored Plaintiff's pleas for a minimal and adequate medical treatment after 7-1-2009 by requiring Plaintiff to submit numerous sick call requests and still refusing to provide timely and adequate medical care to the Plaintiff...." (ECF No. 33, Amended Complaint, at ¶¶ 35, 36). Neither of these claims is sufficient to establish deliberate indifference to Plaintiff's serious medical needs.

As to the first claim, Plaintiff has alleged that, upon his transfer to ACJ, he informed both the medical staff and Defendant John Doe that he should be assigned a bottom bunk due to his seizure condition; yet he was assigned a top bunk anyway. Thus, even assuming that Defendant Overton had knowledge of Plaintiff's medical condition, her alleged failure to advise ACJ's medical staff of the same is of no moment, since ACJ's staff was still made aware of Plaintiff's medical condition by Plaintiff himself. Moreover, Plaintiff does not allege that he was restricted to bottom bunk status at SCI-Albion to accommodate his medical condition, which would be indicative of a serious medical need. Thus, Plaintiff's claim that Defendant Overton was deliberately indifferent to his serious medical needs by failing to "relay" Plaintiff's prior medical condition to ACJ's medical staff, is without merit and will be dismissed.

Similarly, by requiring Plaintiff to submit sick call requests to receive medical treatment, Defendant Overton was not being deliberately indifferent to Plaintiff's medical needs; rather, she was simply directing Plaintiff on the procedure he needed to follow to obtain such treatment. Plaintiff's further allegation that Defendant Overton refused to provide timely and

adequate medical treatment is not actionable because, as Health Care Administrator, Defendant Overton is considered a non-medical prison official in the context of a Section 1983 denial of medical care claim. See Spencer v. Beard, 2010 WL 608276, *4 n. 5 (W.D.Pa. Feb. 17, 2010), citing Hull v. Dotter, 1997 WL 327551, *4 (E.D.Pa. June 12, 1997); Freed v. Horn, 1995 WL 710529, *3-4 (E.D.Pa. Dec. 1, 1995). In Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993), the Third Circuit held that non-medical prison officials cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison medical staff. Here, Plaintiff's allegations indicate that he was treated by Defendant Telega. (ECF No. 33, Amended Complaint, at ¶ 25). Thus, Plaintiff has failed to establish that Defendant Overton was deliberately indifferent to his serious medical needs, and his Eighth Amendment claim against her will be dismissed accordingly.

**2.     Defendant Telega**

Plaintiff claims that Defendant Telega "intentionally and willfully ignored Plaintiff's pleas for a minimal and adequate medical and diagnostic treatment and testings," and, thus, "caused unnecessary pain, suffering, worsened medical and physical conditions and permanent injuries...." (ECF No. 33, Amended Complaint, at ¶ 34).

Plaintiff's allegations reveal that Plaintiff was treated by Defendant Telega on July 7, 2009, at which time his dressing was changed and his staples and stitches were removed. (Id. at ¶ 25 and Exhibit B, p. 2). Plaintiff also underwent an EEG, which was normal. (ECF No. 33, Amended Complaint, at Exhibit B, p. 5). Nonetheless, Plaintiff complains that Defendant Telega failed to respond to his requests for x-rays, tetanus shots and other diagnostic tests. (Id. at ¶¶ 25-26). However, a medical decision not to order an x-ray or like measures does not represent cruel and unusual punishment. Estelle, 429 U.S. at 107-08. In short, Plaintiff is clearly dissatisfied with the medical treatment he received from Defendant Telega and believes that a different course of treatment was warranted. However, "mere disagreements over medical

judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110. Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). As a result, Plaintiff's Eight Amendment deliberate indifference claim against Defendant Telega is without merit and will be dismissed.

### 3. Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:
> (b) Grounds for dismissal- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e©, the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[5]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to

---

[5]

Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e© the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

### a. Defendant John Doe

As noted previously, unnamed Defendant John Doe has never been properly identified or served in this case, nor has an attorney entered an appearance on his behalf.  This Defendant was  named for the first time in the amended complaint that was filed on September 9, 2010.  More than ten months have passed since such time.  As a result, Defendant John Doe will be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as he has not been served within 120 days of the date on which he was named as a Defendant in this case.

### b. Defendant Allegheny County

Defendant Allegheny County has also never been served in this case or had an attorney enter an appearance on its behalf.  Since this Defendant was named in the original complaint in this matter, more than eighteen months have passed without service of process.  Accordingly, Defendant Allegheny County will also be dismissed from this matter pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM SNYDER, )
    Plaintiff )    C.A. No. 09-278 Erie
)
v. )
)    Magistrate Judge Baxter
DANIEL TELEGA, et al., )
    Defendants )

# **ORDER**

AND NOW, this 13<u>th</u> day of July, 2011,

IT IS HEREBY ORDERED that:
1. Defendant Maxine Overton's Motion to Dismiss Amended Complaint [ECF No. 34] is GRANTED;

2. Defendant Daniel Telega's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 36] is GRANTED; and

3. Pursuant to the authority granted this Court by the PLRA, Defendants John Doe and Allegheny County are dismissed from this case for Plaintiff's failure to serve them within 120 days of the date each was named as a Defendant in this case, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

By virtue of the foregoing, IT IS FURTHER ORDERED that this case is DISMISSED, and the Clerk is directed to mark this case closed.

                    /s/ Susan Paradise Baxter
                    SUSAN PARADISE BAXTER
                    United States Magistrate Judge